IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00233-CR

No. 10-09-00248-CR

 

Robert Leon Jenkins, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court Nos. 08-03830-CRM-361
and 08-03663-CRF-361

 



ABATEMENT ORDER



 

            Robert Leon Jenkins was convicted of
the offenses of forgery and failure to identify.  Tex. Penal Code Ann. §§ 32.21; 38.02 (Vernon Supp. 2009).  He
appealed both convictions.  The reporter’s records for these appeals were
originally due on September 8, 2009, over 8 months ago.  What we thought to be
a complete reporter’s record was filed on February 18, 2010.  It ultimately was not a complete reporter’s record.

            Counsel for Jenkins filed an Anders
brief in each appeal.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).   Counsel acknowledged in his Anders brief
that he had not reviewed the entire record in these appeals because the
reporter’s record (one record for both convictions) was incomplete.  Apparently,
exhibits which were introduced into evidence at trial had not been made a part
of the reporter’s record.  In an order dated May 12, 2010, we struck counsel’s Anders brief and ordered a supplemental reporter’s record to be filed
within 7 days from the date of the order.  We warned that the failure to file
the reporter’s record would result in an abatement order for the trial court to
determine, working with the official reporter, a date certain by which the
supplemental reporter’s record would be filed.

            In response to our May 12th order, the
trial court sent us a letter stating that the exhibits were not in the
reporter’s possession but were delivered to the office of the District Clerk on
the date of the hearing during which they were admitted into evidence.  The
trial court further stated that the reporter requested the exhibits but because
of time limits placed on him by this Court, the reporter filed what he had
because he could not obtain the records from the clerk.  The trial court
suggested that we contact the clerk.  The reporter has not responded to our
order and has not filed a supplemental reporter’s record.

            A reporter’s record consists of a
transcription of the proceedings that the parties to the appeal designate “and
any of the exhibits.”  Tex R. App. P. 34.6(a) (emphasis added). 
Further, “[a]t the [ ] reporter’s request, the trial court clerk must
give all original exhibits to the reporter for use in preparing the reporter’s
record.”  Id. (g)(1) (emphasis added).  Thus, it is the duty of the
reporter to request the exhibits from the trial court clerk at the time the
reporter’s record is being prepared so that copies of the exhibits can be
included in the record filed with this Court.  The clerk must give the exhibits
to the reporter only upon request.  Without the exhibits, the reporter’s record
is not complete.

            This reporter has had over 8 months
since the original due date of the record to obtain the exhibits from the
clerk.  Further, we actively attempted to obtain a complete reporter’s record
from this reporter for over 3 months only to have an incomplete reporter’s
record filed in February without the reporter notifying us that the record was
not complete.  The lack of a complete record was brought to our attention in
April by Jenkins’ counsel trying to fulfill his duties as appointed counsel. 
The reporter has never suggested to us that he could not file a complete record
because the district clerk would not give him the needed exhibits so they could
be copied and made a part of the reporter’s record.

            Accordingly, because no supplemental
record was filed as ordered, these appeals are abated for the trial court, the
Honorable Steve Smith of the 361st District Court, to determine, working with
the official reporter, Felix Thompson, a date certain by which the supplemental
reporter’s record containing the required exhibits will be filed.  A
determination must be made in writing and provided to the trial court clerk
within 7 days from the date of this order.  The trial court clerk is ordered to
provide a supplemental clerk’s record, containing the written determination of
the trial court, within 14 days from the date of this order.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeals
abated

Order
issued and filed May 26, 2010

Publish